COURT OF APPEALS
DECISION
DATED AND FILED

April 27, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2236**

Cir. Ct. No. **2018CV609**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

TIMOTHY RAVE,

PLAINTIFF-RESPONDENT,

V.

SVA HEALTHCARE SERVICES, LLC,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MARY E. TRIGGIANO, Judge. *Affirmed*.

Before Brash, P.J., Donald and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. SVA Healthcare Services, LLC, ("SVA") appeals an order certifying a class and appointing plaintiff Timothy Rave as class

representative. SVA argues that there are factual and legal issues that preclude Rave from satisfying the requirements set forth in WIS. STAT. § 803.08 (2019-20).[1] We disagree and affirm.

## I. BACKGROUND

¶2    In 2013, Rave was injured in a car crash. He retained Welcenbach Law Offices, S.C. ("Welcenbach"), to handle a personal injury claim on his behalf. Rave authorized his attorneys to obtain his health care records by signing a HIPAA release form. Welcenbach subsequently requested certified copies of Rave's complete medical billing records from Wisconsin Radiology Specialists. SVA responded to the request and, as set forth in SVA's responses to Rave's requests for admission, invoiced Welcenbach "$20.35, which included a $15.00 charge, plus $0.35 for one page, and $5.00 for certified records," which Welcenbach paid.

¶3    In 2018, Rave filed the underlying lawsuit alleging that SVA improperly charged Welcenbach "certification" and "retrieval" fees under WIS. STAT. § 146.83(3f)(b)4. and 5. for copies of his medical bills.[2] Rave also made a

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. The current version of WIS. STAT. § 803.08 harmonizes Wisconsin's class action statute with Rule 23 of the Federal Rules of Civil Procedure. "The Judicial Council's intent was to craft a Wisconsin class action rule that tracks as closely as possible federal practice so that Wisconsin courts and practitioners can look to the well-developed body of federal case law interpreting Rule 23 for guidance." Judicial Council Committee Note, 2017, § 803.08.

[2] WISCONSIN STAT. § 146.83 governs access to patient health care records. As we explained in *Harwood v. Wheaton Franciscan Servs.*, 2019 WI App 53, 388 Wis. 2d 546, 933 N.W.2d 654:

(continued)

claim for unjust enrichment. He sought statutory damages under the health care records penalty provision found at WIS. STAT. § 146.84(1). Rave made his claims

> Under § 146.83(3f), a health care provider shall, subject to exceptions that are inapplicable here, provide copies of a patient's health care records "if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b)." Sec. 146.83(3f)(a).
>
> Pursuant to WIS. STAT. § 146.83(3f)(b), health care providers may impose certain costs on the person requesting health care records under § 146.83(3f)(a):
>
>> (b) Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):
>>
>> ….
>>
>> *4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.*
>>
>> *5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.*
>>
>> ….
>
> Sec. 146.83(3f)(b) (emphasis added). According to § 146.83(3f)(b) 4[.] and 5[.], the patient or a person authorized by the patient are exempt from the certification charge and retrieval fee.
>
> As noted above, a recent case raised the question of "whether *an attorney whose client authorized him* via a HIPAA release form to obtain her health care records *may benefit from this fee exemption*." *Moya* [*v. Aurora Healthcare, Inc.*], [2017 WI 45, ¶2,] 375 Wis. 2d 38, … 894 N.W.2d 405 (emphasis added, footnote omitted). Our supreme court answered that they may[.]

*Harwood*, 388 Wis. 2d 546, ¶¶42-44 (emphasis in *Harwood*).

on behalf of himself and on behalf of a purported class of similarly situated individuals.

¶4 Rave subsequently sought to certify a class that included him "and thousands of other Wisconsin citizens similarly situated [who] were wrongfully charged basic, retrieval, processing and/or certification fees by … SVA[.]" The proposed class (which includes a number of exceptions) consists of all persons in Wisconsin who were a patient of a health care provider or a person authorized in writing by a patient of a health care provider to obtain the patient's medical records and were charged a retrieval and/or a certification fee by SVA, directly or indirectly, in violation of WIS. STAT. § 146.83(3f)(b)4.-5., between July 1, 2011 and the date of trial.

¶5 The circuit court found that Rave met his burden of satisfying the fundamental requirements set forth in WIS. STAT. § 803.08. SVA appeals that determination. *See* § 803.08(11).

## II. DISCUSSION

¶6 The sole issue on appeal is whether the circuit court properly exercised its discretion when it granted Rave's motion for class certification. *See* WIS. STAT. § 803.08. The "decision to grant or deny a motion for class certification is committed to the [circuit] court's discretion." ***Harwood v. Wheaton Franciscan Servs.***, 2019 WI App 53, ¶41, 388 Wis. 2d 546, 933 N.W.2d 654. We will affirm so long as "the [circuit] court applied the correct law to the facts of record and reached a reasonable decision." *See **id.***

¶7    WISCONSIN STAT. § 803.08 provides a two-part test for determining whether a circuit court should certify a class.  First, it requires the plaintiff to establish the following prerequisites:

> **(1)** PREREQUISITES.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if the court finds all of the following:
>
>    (a) The class is so numerous that joinder of all members is impracticable.
>
>    (b) There are questions of law or fact common to the class.
>
>    (c) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
>
>    (d) The representative parties will fairly and adequately protect the interests of the class.

*Id.*  If numerosity, commonality, typicality, and adequacy are established, the second part of the test is to determine if § 803.08(2) is satisfied.

### (A) *The circuit court properly concluded that Rave satisfied the prerequisites for class certification.*

¶8    SVA contends that it has unique defenses that preclude the circuit court's determinations as to typicality and adequacy.[3]  *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011) (noting that the typicality and adequacy prerequisites under Federal Rule of Civil Procedure 23, i.e., WIS. STAT. § 803.03's federal analog, often merge).  Specifically, SVA contends:  (1) the statute of limitations bars Rave's claim against it; and (2) "Rave knew, or had constructive knowledge, that payment of a certification and retrieval

---

[3] SVA does not challenge the other statutory prerequisites.  Consequently, we will not address them further.

5

fee was allegedly illegal at the time of payment yet he paid it anyway and wrongfully created a cause of action for himself."

¶9      SVA, therefore, challenges Rave's standing to bring a claim against it—and asserts that if Rave has no valid claims, he cannot be a class representative.   According to SVA, the circuit court erroneously exercised its discretion when it granted class certification without considering its defenses.

¶10     We begin by reviewing the circuit court's determinations, as set forth in its written decision, regarding typicality and SVA's claimed defenses:

> In this case, Rave's claims arise from the same events or pattern of practice as those of the proposed class.  Rave and the class members advance the same legal theory—that they were illegally charged the same retrieval and/or certification fees.  Moreover in response to Rave's request for an admission, after objecting to the allegedly ambiguous term "differently," SVA denied that it treated Rave differently than other persons in connection with providing copies of his medical records.
>
> SVA claims that the typicality requirement has not been satisfied because it has "unique" defenses related to waiver, voluntary payment and the statute of limitations that would not apply to the other members of the proposed class.  SVA essentially presupposes the resolution of these defenses must be resolved at the class certification stage, rather than at a later date.  In any event, a unique defense will render the proposed class representative's claims atypical only if it is likely to be a "major focus" in the litigation, and not if it is insignificant or improbable. [1 WILLIAM B. RUBENSTEIN,] NEWBERG ON CLASS ACTIONS § 3:45 (5th ed.) ("Presence of unique defenses.").  In this case, SVA has not made a sufficiently clear showing at such an early stage of the proceedings that three allegedly "unique" defenses will play a substantial role in the litigation.  The [c]ourt finds that the typicality requirement has been satisfied.

(Citation formatting for NEWBERG ON CLASS ACTIONS altered.)   The circuit court's decision belies SVA's contention that the circuit court failed to consider its

unique defenses. In actuality, the circuit court considered—and rejected—SVA's claim that they defeated class certification.

¶11 By doing so in the fashion that it did, SVA suggests that the circuit court gave its defenses short shrift. SVA contends that "these merits issues are dispositive and have been found dispositive in other cases brought under WIS. STAT. § 146.83 before class certification was even considered." As support for this proposition, SVA cites one unreported federal decision, which is not binding on this court. *See State v. Wood*, 2010 WI 17, ¶18, 323 Wis. 2d 321, 780 N.W.2d 63 (noting that federal district court cases are not binding authority on Wisconsin courts).

¶12 SVA devotes a significant portion of its briefing to the merits of its claimed unique defenses, and yet, we are not convinced that they will be a "major focus" in this litigation. *See Koos v. First Nat'l Bank of Peoria*, 496 F. 2d 1162, 1164 (7th Cir. 1974) (holding that typicality is defeated only when "a major focus of the litigation will be on an arguable defense unique to the named plaintiff"). Rave contends, and we agree, that "[t]he statute of limitations [defense] presents a straightforward issue that will be decided as a matter of law," and to the extent SVA wants to pursue a defense that Rave wrongfully created a cause of action for himself "[i]t can be resolved by a single motion." *See generally* NEWBERG ON CLASS ACTIONS § 3.45 (explaining that "typicality will generally not be defeated by allegations that the proposed class representative … may face a statute of limitation defense" and providing as an example, "the unique defense that a proposed representative's claims are based on an invalid assignment of legal interest will not destroy typicality *because it presents a question of law that can readily be resolved by the court without skewing the focus of the litigation*" (emphasis added; one set of quotation marks and footnote omitted)).

7

¶13 Although SVA sought to distinguish it, this court's decision in *Harwood* guides our analysis. In that case, Wheaton Franciscan argued—among other things—that Harwood did not satisfy the typicality and adequacy requirements for reasons that included Harwood's interests being adverse to the class and a related lack of evidence. *Id.*, 388 Wis. 2d 546, ¶¶30, 57.

¶14 Upon review, we focused on the heart of the claim; namely, "that individuals were charged $28 in fees that the statute does not permit Wheaton Franciscan to charge[.]" *See id.*, ¶57. We highlighted Harwood's allegation that she was charged $28 in fees that were not allowed under WIS. STAT. § 146.83(3f)(b)4. and 5. and noted that she supplied invoices that supported her allegation, *Harwood*, 388 Wis. 2d 546, ¶57. We explained that the plaintiff additionally alleged "that others were charged these fees despite the statute's prohibition, and she has provided evidence of at least forty-two such charges." *Id.* From this, the circuit court and this court concluded that the prerequisites were satisfied:

> The [circuit] court concluded that her claim was substantially similar in that each was overcharged by $28, each had the same legal basis for the claim, and each had the same claim to statutory damages if the violation is established. There is evidence to support the [circuit] court's conclusion that the claims of the representative and the class members shared commonality and typicality, and that the adequacy requirement has been met.

*Id.*

¶15 The straightforward analysis applied in *Harwood* is also appropriate here. As detailed above, the circuit court employed a similar rationale and reasonably determined that Rave met the typicality and adequacy requirements under WIS. STAT. § 803.08(1).

8

**(B)** ***The circuit court properly concluded that Rave satisfied the predominance and superiority requirements of WIS. STAT. § 803.08(2)(c).***

¶16   Next, we consider whether the circuit court properly determined "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* WIS. STAT. § 803.08(2)(c).   According to the statute, "[t]he matters pertinent to these findings include all of the following":

> 1. The class members' interests in individually controlling the prosecution or defense of separate actions.
>
> 2. The extent and nature of any litigation concerning the controversy already begun by or against class members.
>
> 3. The desirability or undesirability of concentrating the litigation of the claims in the particular forum.
>
> 4. The likely difficulties in managing a class action.

*Id.*   These requirements are commonly referred to as predominance and superiority.  ***Harwood***, 388 Wis. 2d 546, ¶24.

¶17   The circuit court addressed each of these required findings:

> Rave claims that the predominancy and superiority requirements have been satisfied because "[t]he single and most predominant issue" is whether Rave [sic SVA] "illegally charge[d] basic, retrieval or certification fees to patients who requested records directly or through persons they authorized in writing."
>
> As to whether the class action is "superior to other available methods for fairly and efficiently adjudicating the controversy," Rave asserts that this [c]ourt could resolve in one proceeding what would otherwise require thousands of individual lawsuits.  He also asserts that "potentially many individual claimants would never recover their money because they would not find a lawyer to sue over relatively

9

small individual amounts of approximately $28.00." This [c]ourt agrees. Because individual compensatory awards would be low, the interests of members of the class in individually controlling the prosecution of separate actions is minimal and weighs in favor of certifying the class.

As to "[t]he extent and nature of any litigation concerning the controversy already begun by or against class members," neither party is aware of any other cases filed against SVA for these claims. This weighs in favor of class certification.

With respect to "[t]he desirability or undesirability of concentrating the litigation of the claims in the particular forum," the [c]ourt is unaware of any valid reason why it would be undesirable to concentrate and streamline the litigation in this forum.

With respect to "[t]he likely difficulties in managing a class action," Rave asserts that "[t]he common use of accounting software means the records showing the type of charges and the amounts are electronically stored and easily accessible." The exhibits attached to Rave's brief support this assertion…. [T]he proposed class shares the same kind of compensatory damages, differing only in specific amount, which weighs in favor of certifying the class.

¶18 SVA asserts that the circuit court "completely failed to address" the issues it raised concerning superiority and predominance. In its eleven-page written decision, the circuit court pointed out that "[i]n deciding this motion, the [c]ourt has considered SVA's lengthy and comprehensive submissions, including its supplemental briefing," and later, reiterated that "[a]fter thoroughly considering the parties' submissions, the [c]ourt concludes that Rave and class counsel have met the requirements for class certification." To the extent that the circuit court did not expressly address each issue that SVA raised, it implicitly deemed them unpersuasive. That determination is supported by the record. *See **Harwood***, 388 Wis. 2d 546, ¶48 (noting that "if the [circuit] court 'fails to set forth its reasoning … the appellate court should independently review the

record to determine whether it provides a basis for the [circuit] court's exercise of discretion'" (citation omitted)).

¶19     The circuit court applied the correct law to the facts of record and reached a reasonable decision when it certified the class in this matter.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.